[No. F007011. Fifth Dist. June 17, 1986.]

BEATRICE COMPANIES, INC., Petitioner, v.
THE SUPERIOR COURT OF STANISLAUS COUNTY, Respondent;
TAMERA WILSON et al., Real Parties in Interest.

526

COUNSEL

Landels, Ripley & Diamond, John H. Bickel and Bruce W. Laidlaw for Petitioner.

No appearance for Respondent.

R. Jay Engle for Real Parties in Interest.

OPINION

THE COURT.*—Petitioner seeks a writ of mandate directing respondent court to grant its motion for summary judgment.

FACTS

Petitioner (defendant) is a defendant in a personal injury action prosecuted by real parties in interest (plaintiffs). The complaint alleges that plaintiff Tamera Wilson suffered toxic shock syndrome from the use of a tampon manufactured by defendant Playtex, Inc.

Defendant filed a motion for summary judgment upon the ground that although Playtex, Inc. is its wholly owned subsidiary, Playtex, Inc. is an

*Before Brown (G. A.), P. J., Woolpert, J., and Hamlin, J.

independent corporation which alone is responsible for manufacture, distribution and sale of the product which injured plaintiff Tamera Wilson.

On February 19, 1986, the motion was heard by respondent court without a court reporter. After the motion had been orally denied, counsel for petitioner was directed to prepare an order. Counsel asked respondent court to identify the triable issues of fact which caused it to deny the motion. The court responded that there was a triable issue of fact as to the liability of Beatrice.

Petitioner's counsel prepared a formal order stating in relevant part, "Defendant's motion for summary judgment is hereby denied on the grounds that there exists a triable issue of fact as to the liability of defendant BEATRICE COMPANIES, INC."

The order was signed on March 26, 1986, and filed on March 27, 1986.

This petition was filed on April 11, 1986.

## DISCUSSION

■ The petition was timely filed. The 15-day statutory time limit commenced no sooner than entry of the denial order on March 27, 1986. (Code Civ. Proc., § 437c, subd. (*l*).) Thus, the petition was timely filed on April 11, 1986, which was the 15th day after March 27, 1986.

■ The written denial order does not adequately specify the material facts as to which there is a triable issue and does not in any manner specify the evidence which indicates that such triable controversy exists as required by statute. (Code Civ. Proc., § 437c, subd. (g).) It is always possible to state that the liability of the moving party is at issue; such a general statement does not assist this court at all in reviewing the denial order.

Since a court reporter was not present at the hearing upon the motion, respondent court did not have the option of recording its determination by court reporter as authorized by subdivision (g).

Petitioner did not invite the error, but merely complied as best it could with respondent court's direction to prepare an order.

Respondent court abused its discretion in failing to comply with the mandate of section 437c, subdivision (g) and also in directing the losing party to prepare the formal order. It is the prevailing party upon the motion

which has an interest in preparing an adequate order to protect the favorable trial court ruling.

A peremptory writ is proper and should issue. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 179-189 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing respondent court to vacate its order denying the motion of defendant Beatrice Companies, Inc. for summary judgment entered in action No. 207735, to reconsider said motion, and thereafter to enter a new order which complies with the mandate of Code of Civil Procedure section 437c, subdivision (g) if the motion is again denied; said court is further directed to order the prevailing party to prepare an appropriate order if it elects to have any party do so.

Insofar as it seeks relief not granted above, this court shall defer its decision upon the petition pending its receipt of respondent court's new order. Petitioner is directed to lodge the new order with this court as soon as possible.